UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                      ORDER

EVA CARDOZA,                           No. 10-CR-392-34 (CS)
                                                 No. 11-CR-515 (CS)

                      Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Eva Cardoza's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF Nos. 1321, 1324), and the Government's opposition thereto, (ECF Nos. 13251).[1]

      On November 20, 2015, Defendant was re-sentenced principally to 188 months' imprisonment. (ECF No. 926; No. 11-CR-515 ECF No. 22.) That sentence was the low end of the Sentencing Guidelines range. Her release date is December 3, 2023, and the Bureau of Prisons ("BOP") has designated her to serve her remaining time on home confinement under the supervision of the Bronx Residential Reentry Center ("RRC").

      A court may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is

---

[1] Docket references are to No. 10-CR-392 unless otherwise noted.

substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant has shown extraordinary and compelling circumstances, presented by the extreme difficulty of complying with the RRC's reporting and other requirements while living in Orange County, lacking the resources or support for reliable transportation, and experiencing stress-related health conditions, which in combination are destabilizing to her and her family. (ECF No. 37 at 5-11.) The Government points out that all of the above is better than serving her sentence in prison, (ECF No. 1325 at 3), and that is no doubt true, but the fact remains that BOP has designated Defendant to serve her time at home, and the unique constellation of factors creates an extraordinary burden not experienced by other prisoners on home confinement.

I must next consider the § 3553(a) factors. Defendant's conduct was reprehensible. She endangered herself, her children and her community by being a regular and willing assistant to a drug dealer who was part of a violent gang, including driving him to deals, keeping drugs and drug paraphernalia in her home, and driving a shooter away from a murder. On the other hand, she seems to have made good use of her time in BOP custody, including becoming a trusted

worker and addressing her mental health issues. She seems to be in a stable relationship and cares for several dependents. She has only six months left to serve on RRC-supervised home confinement. The § 3553(a) factors will not be seriously undermined by converting that RRC-supervised home confinement to Probation Office-supervised home confinement.

Accordingly, the motion is granted and the terms of imprisonment on Counts 2 and 44 of Indictment S15 10-CR-392 and on Count 1 of Indictment 11-CR-515 are reduced to time served, on the following conditions – which are special conditions of supervised release in addition to the conditions of supervised release already imposed:

1. The time between now and December 3, 2023 will be an additional term of supervised release (in addition to the seven years already imposed) on the same conditions already imposed, plus those set forth below.

2. Between now and December 3, 2023, Defendant shall be subject to home confinement, to be enforced by location monitoring technology determined at the discretion of Probation, at the residence approved by Probation. During the period of home confinement, she will be restricted to her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the Probation Department.

3. Defendant is to possess or have access to a phone that will allow video conferencing by the Probation Department.

4. Defendant shall contact Supervisory U.S. Probation Officer Kevin Mulcahy (646-210-4075) upon her release.[2]

I will regard it a serious violation of the trust I have placed in Defendant if she fails to abide by any of the previously imposed conditions of supervised release or any of the additional conditions set forth above.

The Government is directed to supply a copy of this Order to the Bureau of Prisons and the Warden (or other appropriate official) at the Bronx RRC, and to Probation Officer Mulcahy.

Dated: June 6, 2023
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[2] I am imposing the first and second conditions to provide just punishment, avoid unwarranted disparities, recognize the seriousness of the offense and protect the public from further crimes. The third and fourth conditions will allow proper supervision by Probation.